UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY MARK SIVAK,<br><br>                  Petitioner,<br><br>   v.<br><br>IDAHO DEPARTMENT OF CORRECTION and VERNON GREENLAND,<br><br>                  Respondents. | Case No. 1:21-cv-00309-BLW<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Lacey Mark Sivak, a prisoner in the custody of the Idaho Department of Correction, has filed a Petition for Writ of Habeas Corpus. *See* Dkt. 2. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). For the following reasons, the Court must dismiss this case.

## REVIEW OF PETITION

**1.**    **Standard of Law for Review of Petition**

      Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

INITIAL REVIEW ORDER - 1

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

**2.     The Claims in the Petition Are Not Cognizable—Meaning They Cannot Be Heard—on Federal Habeas Review**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 484). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Badea*, 931 F.2d at 574. Therefore, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

Although Petitioner's initial pleading is entitled "Petition for a Writ of Habeas Corpus," the Petition itself does not actually challenge the constitutionality of Petitioner's underlying conviction or sentence. Instead, it asserts civil rights claims such as deprivation of property, denial of adequate medical treatment, excessive force, and

retaliation. All of these claims arose while Petitioner has been incarcerated in the state prison system, or detained in jail as a pretrial detainee, and assert violations going as far back as 1981.

These claims challenge the conditions in which Petitioner is confined, rather than the fact or duration of that confinement itself. The remedy for the alleged constitutional violations would not be an immediate or speedier release from prison, *see Preiser*, 411 U.S. at 500, but instead an award of monetary damages or an order requiring the cessation of unconstitutional activities. Therefore, the claims in the Petition do not lie at the core of habeas corpus and cannot be heard in a federal habeas corpus action.[1] *See Nettles*, 830 F.3d at 931.

### 3. Even if Petitioner's Claims Were Cognizable, They Would Be Barred by 28 U.S.C. § 2244(b)

The Petition does raise any challenge to the validity of Petitioner's conviction or sentence. However, even if the Petition did assert such a challenge, the Petition would be subject to summary dismissal.

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction or sentence as in a previous habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("[A] district court may not, in the absence of proper authorization from the court

---

[1] If Petitioner intends to assert civil rights claims challenging the constitutionality of his conditions of confinement, he may file a separate civil rights complaint. Forms for such complaints are available at the prison resource center.

INITIAL REVIEW ORDER - 3

of appeals, consider a second or successive habeas application.") (internal quotation marks omitted). Petitioner previously brought a habeas corpus action in this Court challenging the murder conviction for which he is incarcerated. *See Sivak v. Blades*, 1:16-cv-00189-BLW (D. Idaho). That case was dismissed with prejudice in August 2019 and is currently on appeal. *See id*. at Dkt. 143, 144, 145.

If the instant Petition can be read to challenge the validity of Petitioner's conviction, it would be challenging the same conviction as Petitioner's previous habeas corpus action. Petitioner has not shown that he has obtained the required authorization from the Ninth Circuit. Therefore, to the extent Petitioner asserts habeas claims that are cognizable on federal habeas review, the Petition must be dismissed as an unauthorized successive petition.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 2) is DISMISSED without prejudice.

2. Petitioner's "Emergency Petition for Court Intervention/Authority to Use Lethal Force" (Dkt. 9) is DENIED.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner intends to appeal, he must file a

timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: September 28, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER - 5